Sol Wachtleb, J.
This is a motion brought by defendant husband to dismiss the plaintiff wife’s complaint in an action for separation pursuant to CPLR 3211 (subd. [a], par. 7), 3013 and 3016 (subd. [c]). The motion is grounded upon the insufficiency of the four causes of action set forth in the complaint as well as the lack of specificity with respect to the allegations contained in the complaint.
There is no question but that CPLR 3013 has liberalized former and more exacting requirements with respect to pleading; however, even with such liberalization the pleading must give the court, as well as the opposing party, sufficient notice of the transactions or incidents on which the plaintiff relies. (Shapolsky v. Shapolsky, 22 A D 2d 91.)
In the case of Pustilnik v. Pustilnik (24 A D 2d 868) the Appellate Division of this Department made it quite clear that a complaint in a separation action must specify the ‘ ‘ time and place of each act complained of ’ ’ and that even a bill of particulars would not provide a satisfactory alternative if CPLR 3016 (subd. [c]) is to retain its effectiveness.
In the instant case paragraph ‘1 sixth ’ ’ of the first cause of action purports to set forth three causes of action for separation alleging ‘1 cruelty ”, ‘1 constructive abandonment ’ ’, and ‘ ‘ failure of support ’ ’. The allegations as set forth in this cause of action lack the particularization required by the CPLR 3016 (subd. [c]) [i.e., “ that on occasions too numerous to mention defendant has refused to take plaintiff with him to dental social meetings although many wives were present and instead, *945 and in her place, took his office receptionist ”]. Those events which are more specific in nature fail to state an allegation which would support a cause of action for cruelty [i.e., ‘ ‘ in mid-July 1969 while plaintiff and defendant were enjoying a summer evening at their pool area, defendant for no apparent reason, completely out of context, said to plaintiff, ‘ give me a divorce ’ ”].
This entire cause of action falls far short of the statutory standard for cruel and inhuman treatment. It is true that the laws of this State as they relate to domestic relations have been liberalized, but there still exists in connection with the allegations of cruel and inhuman treatment, an obligation on the part of the complaining party to present a cause of action which would be sufficient to justify a decree of separation.
The second cause of action seeks to set forth a cause on the grounds of abandonment. Here again the requirement of specificity with regard to the actions of the defendant is lacking.
Paragraph “eighth” of the complaint reads as follows:
‘ ‘ eighth : That in or about the 16th day of September, 1969, the defendant removed his clothing and personal effects from the marital residence of the parties located at 120 Peach Drive in Roslyn, Hew York, with intent never to return and to abandon plaintiff, all without just cause or provocation and, that since that time, defendant has continuously absented himself therefrom.”
In Harmen v. Harmen (12 A D 2d 784), it was stated that “ In an action for separation based upon abandonment, the complaint must state facts sufficient to establish that there was an abandonment which was willful, with the intention on the part of the defendant not to return * * * and the complaint must also state the times and places where the acts constituting the abandonment occurred.”
It is not sufficient to merely state conclusions in place of facts. The factual “ circumstances ” must be set forth to sustain the validity of the pleading as required by statute and to apprise both the defendant and the court of the precipitating or surrounding circumstances leading to the abandonment without the consensual agreement of the plaintiff.
With respect to the third cause of action, the plaintiff alleges inadequacy or failure of support relating to the period subsequent to the date of the alleged abandonment. The defendant contends that a decree of separation on the ground of inadequacy or failure to support should not be based on this failure of support subsequent to the purposed abandonment. In supporting this contention the case of Nadler v. Nadler (32 Misc *946 2d 905) is cited. In the Nadler case the court indeed held that inadequacy of support for any period after the abandonment by the husband would furnish no legal ground for judgment of separation; however, this finding was predicated upon the facts of that case which held that the husband, because of the outrageous conduct of the wife, was justified in leaving the marital home. Whether or not the husband, in the case at bar, was justified in abandoning the plaintiff is a matter to be proved during the trial. At this stage of the pleading, however, the allegation of inadequacy of support presents a viable cause of action.
Similarly the fourth cause of action states with sufficient clarity the nature of the claim for reimbursement for necessaries. To require an itemization of each claim made would be, in the court’s opinion, an overextension of the requirement for particularization. Defendant in his brief cites the case of Grishaver v. Grishaver (225 N. Y. S. 2d 924); however, the court, in that case, referred to a failure of proof with respect to the items claimed and not an insufficiency regarding the pleading of the same.
Plaintiff seeks to remedy the defects in pleading by serving an amended complaint. This she seeks to do by serving the same, as if as a matter of right, and without the permission of the court. Prerequisite to the service of such an amended complaint under the present status of the pleadings would be the submission to the court of evidence to justify the granting of leave to so plead '(CPLB 3211).
Accordingly the motion to dismiss the first and second causes of action is granted. The motion to dismiss the third and fourth causes of action is denied.
Plaintiff is granted leave to move for permission pursuant to CPLB 3211 to serve an amended complaint with respect to the first two causes of action.